UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CLARENCE HENDRICKS,

v.               Case No. 8:05-cr-517-T-17EAJ
                      8:07-cv-2323-T-17EAJ

UNITED STATES OF AMERICA.

---

O R D E R

This cause is before the Court on Defendant Clarence Hendricks' amended 28 U.S.C. § 2255 motion to vacate, set aside, or correct an allegedly illegal sentence (hereinafter "motion to vacate" or "motion"). (Doc. cv-4; cr-156).  A review of the record demonstrates that, for the following reasons, the motion must be denied.

Background

On September 1, 2005, a grand jury in the Middle District of Florida indicted Hendricks and others on charges of conspiring to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. app. § § 1903(a)(g) and (j), and 21 U.S.C. § 960(b)(1)(B)(ii) (Count One) and possession with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States in violation of 46 Appendix, U.S.C. § § 1903(a)(g), and 18 U.S.C. § 2, and 21 U.S.C. §

960(b)(1)(B)(ii) (Count Two).

On February 8, 2006, Hendricks pled guilty, without a plea agreement, to Count One of the Indictment. Docs. cr-22, cr-42, cr-127 (transcript). Hendricks' guilty plea was later accepted by the Court, and he was adjudicated guilty. Doc. cr-53.  On April 21, 2006, the Court sentenced Hendricks to 135 months' imprisonment to be followed by a 60-month term of supervised release. Docs. cr-71, cr-72 (judgment), and cr-98 (transcript).

Hendricks directly appealed the final judgment to the United States Court of Appeals for the Eleventh Circuit, Appeal No. 06-12256-FF.[1]  On appeal, Hendricks challenged his sentence arguing that the District Court erred in not granting a minor role reduction. See Attachment 1 at 13-23.

On December 28, 2006, the United States Court of Appeals for the Eleventh Circuit affirmed Hendricks' conviction. *United States v. Hendricks*, 214 Fed. Appx. 890 (11th Cir. 2006), *cert. denied*, 128 S.Ct. 137 (2007). Doc. cr-147 (USCA Judgment).

On December 21, 2007, Hendricks timely filed his original Section 2255 motion. Doc. cv-1. However, the Court denied the motion without prejudice and allowed Hendricks to file an amended motion in the proper form. Doc. cv-2. On January 11, 2008, Hendricks filed the instant Amended Section 2255 motion (Doc. cv-4) claiming the following grounds for relief:

a. The District Court lacks *in personam* jurisdiction;

b. Hendricks claims he never conspired to violate laws of the United States because his travels were planned from Colombia South America to Nicaragua with no intention of going to the United States; and

---

[1] Appellate briefs of Hendricks and the government are attached to Doc. cv-7 as Attachments 1 and 2, respectively.

c. Hendricks' guilty plea is void due to the Court's lack of jurisdiction.

## COGNIZABILITY

Hendricks argues for the first time that this Court lacks *in personam* jurisdiction as well as subject matter jurisdiction, thus, his guilty plea is invalid and his conviction should be vacated. (Grounds a and c). Doc. cv-4 at 4-6

Title 28 U.S.C. § 2255 allows attack on a sentence on four grounds: (1) it was imposed in violation of the Constitution or laws of the United States; (2) it was imposed without jurisdiction; (3) it was imposed in excess of maximum authorized by law; or (4) it is otherwise subject to collateral attack. 28 U.S.C. § 2255.

Only constitutional claims, jurisdictional claims, and claims of error so fundamental as to have resulted in a complete miscarriage of justice are cognizable on collateral attack. E.g., *United States v. Addonizio*, 442 U.S. 178, 184-86 (1979); *Hill v. United States*, 368 U.S. 424, 428 (1962); *Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1988). Claims of lesser error are not cognizable--they simply cannot support collateral relief. *See, e.g., id.* Even a defendant's demonstration of cause and actual prejudice, which will allow a defendant "to get around" procedural bar, does not render an incognizable claim cognizable. *See id.; see also Greene v. United States*, 880 F.2d 1299, 1305 (11th Cir. 1989), *cert. denied,* 494 U.S. 1018 (1990).

Collateral review pursuant to 28 U.S.C. § 2255 is not a substitute for direct appeal. *See Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004); *Burke v. United States*, 152 F.3d 1329, 1331-32 (11th Cir. 1998) (citing *Sunal v. Large*, 332 U.S. 174, 178 (1947)). Nonconstitutional claims can be raised on collateral review only when the alleged error constitutes a " 'fundamental defect which inherently results in a complete miscarriage of

3

justice [or] an omission inconsistent with the rudimentary demands of fair procedure.'" *Reed v. Farley*, 512 U.S. 339, 348 (1994) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

## Jurisdiction

As stated above, Hendricks now challenges the Court's *in personam* and subject matter jurisdiction in his case. In his argument, Hendricks mistakenly relies on the Eleventh Circuit's findings in *United States v. Lopez-Vanegas*, 493 F.3d 1305 (11th Cir. 2007), wherein the Court held that since the conspiracy to possess controlled substances was made outside of the United States to distribute outside of the United States, there was no violation of the federal statute criminalizing such act. Doc. cv-4 at 13 (citing 493 F.3d at 1313).

The findings in *Lopez-Vanegas* have no bearing on Hendricks' case. In *Lopez-Vanegas*, the defendants were convicted of conspiracy with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(ii), and 21 U.S.C. § 846. Hendricks pled guilty to charges of conspiracy and possession of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 Appendix U.S.C. §§ 1903(a)(g) and (j), and 21 U.S.C. § 960(b)(1)(B)(ii).

### *In Personam Jurisdiction*

Hendricks claims that the Court lacked jurisdiction over his person. Although Hendricks' argument is ambiguous, it appears he is claiming that because he had no intentions of violating any laws of the United States since his vessel was traveling from Colombia, South America, to Nicaragua, the United States is without jurisdiction over his person. Hendricks waived this argument, and, in any event, it holds no merit.

First, Hendricks waived any challenge to the Court's jurisdiction over his person when he failed to assert that challenge prior to pleading guilty. An objection to the Court's jurisdiction over the person is an objection based on the institution of the prosecution that is waived if it is not affirmatively asserted. See Fed. R. Crim. P. 12(b)(3)(A); *United States v. Grote*, 632 F.2d 387, 388-89 (5th Cir. 1980); *United States v. Kahl*, 583 F.2d 1351, 1356 (5th Cir. 1978). Furthermore, Hendricks also waived this challenge to his conviction when he pled guilty. *See United States v. Cotton*, 535 U.S. 625, 630 (2002) (a guilty plea waives all defects except subject matter jurisdiction); *United States v. Viscome*, 144 F.3d 1365, 1370 (11th Cir. 1998) (same); *United States v. Pierre,* 120 F.3d 1153, 1155 (11th Cir. 1997) (same). Indeed, a defendant who chooses to forego any challenge to the theory of the indictment by pleading guilty relinquishes his right to challenge it later. *United States v. Broce,* 488 U.S. 563, 571 (1989). Therefore, Hendricks has waived this argument both by failing to timely assert it and by his unconditional guilty plea.

Even if Hendricks had not waived his challenge to the Court's jurisdiction over his person, his argument would gain him no relief. "A federal district court has personal jurisdiction to try any defendant brought before it on a federal indictment charging a violation of federal law." *United States v. Rendon*, 354 F.3d 1320, 1326 (11th Cir. 2003); *see also United States v. Alvarez-Machain*, 504 U.S. 655, 659-70 (1992); *United States v. Noriega*, 117 F.3d 1206, 1213-14 (11th Cir. 1997). Because the indictment in this case "charged . . . [Hendricks] with a violation of . . . [the] law[s] of the United States, 'the district court [had] jurisdiction over the case . . ." *United States v. Aguilar*, 196 Fed. Appx. 837, 839 (11th Cir. 2006) (per curiam) (quoting *McCoy v. United States*, 266 F.3d 1245, 1252 n.11 (11th Cir. 2001)). Accordingly, the Court gained jurisdiction over Hendricks' person when

Hendricks was brought before it on an indictment.

### *Subject Matter Jurisdiction*

While Hendricks couches his challenge as one directed at this Court's subject matter jurisdiction, his claim is, in reality, nonjurisdictional in nature. To the extent Hendricks argues that this Court's exercise of jurisdiction over him violated due process, his arguments are precluded by binding precedent. *See United States v. Estupinan*, 453 F.3d 1336, 1339 (11th Cir. 2006), *cert. denied*, 127 S.Ct. 1486 (2007) (Congress did not exceed its authority in enacting the MDLEA); *accord United States v. Vargas-Medina*, 203 Fed. Appx. 298, *2 (11th Cir. 2006), *petition for certiorari filed,* No. 069217 (U.S. Jan. 29, 2007). Under the Maritime Drug Law Enforcement Act (MDLEA), the requirement that a vessel be "subject to the jurisdiction of the United States" defines the United States' extraterritorial jurisdiction, not the federal courts' subject matter jurisdiction under 18 U.S.C. § 3231.

When Hendricks entered his guilty plea, he waived all but jurisdictional claims up to the time of the plea. *See Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973). As the Eleventh Circuit held in *Aguilar* in this regard, an argument that a vessel is "not subject to the jurisdiction of the United States is not a challenge to the subject matter jurisdiction of the district court." *Aguilar*, 196 Fed. Appx. at 839. Accordingly, by pleading guilty unconditionally in this case, Hendricks waived any claim that his vessel did not meet the extraterritorial jurisdictional requirement imposed under the MDLEA. *Id.* (holding defendant's challenge to district court's finding that Coast Guard had complied with the MDLEA's requirement that the defendant's vessel be "subject to the jurisdiction of the United States" was not a challenge to the subject matter jurisdiction of the district court; therefore, petitioner waived this argument when he pled guilty unconditionally); *but see*

*United States v. Rendon,* 354 F.3d 1320, 1325 (11th Cir. 2003); *United States v. Tinoco*, 304 F.3d 1088 (11th Cir. 2002).

This argument is also supported by Hendricks' plea colloquy. Before accepting his guilty plea, this Court specifically advised Hendricks that the indictment charged him and others with knowingly and intentionally possessing with intent to distribute cocaine "while on board a vessel subject to the jurisdiction of the United States. . ." Doc. cr-127 at 20. Later in the plea hearing, the Court reviewed the elements of his offense of Count One which the government would have to prove if Hendricks chose to proceed to trial:

> . . . while on board a vessel subject to the jurisdiction of the United States that [ ] you knowingly and willfully possessed a controlled substance as charged. . .

Doc. cr-127 at 43. The Court then asked the government to recite the facts of the case. The government stated the following:

> If this case were to go to trial, Your Honor, the government would establish at a minimum that on or about November 4th of 2005 four individuals, including the defendant[] Clarence Hendricks . . . [was] intercepted aboard a go-fast vessel in international waters off of the coast of Colombia by the United States Coast Guard cutter Dallas.
>
> That interception resulted in the seizure of approximately eighteen hundred and thirty-two kilograms of cocaine. During the boarding of that vessel the defendant who identified himself at that time as Carlos Puello, Mr. Almedo James, related that he was the master of the vessel and declared Colombian nationality for the vessel. *That nationality was checked with the country of Colombia which indicated that it could neither confirm nor deny the claimed flag for that vessel, and accordingly that vessel becomes subject to the jurisdiction of the United States.* The cocaine was to be delivered to other individuals.

Doc. cr-127 at 45-46 (emphasis added). In response to the Court's inquiry, Hendricks had no disagreement with the facts as presented, and thereupon entered his guilty plea. Doc. cr-127 at 47.

*Factual Basis*

Insofar as Hendricks claims he never "agree[d], collaborated or conspired to violate any law(s) of the United States," this claim is waived. Doc. cv-4 at 5. Hendricks pled guilty before this Court to the facts addressed above, therefore, he is barred from raising a challenge to the factual basis of his plea in a 28 U.S.C. § 2255 motion. *See Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992). In the context of a Section 2255 motion, "a defendant who enters a plea of guilty waives all nonjurisdictional challenges to the constitutionality of the conviction, and only an attack on the voluntary and knowing nature of the plea can be sustained." *Id.* This waiver includes constitutional claims. *Wilson v. United States*, 962 F.2d 996 (11th Cir. 1992) (pre-plea ineffectiveness waived); *Dermota v. United States*, 895 F.2d 1324 (11th Cir.) (double jeopardy claim waived), *cert. denied*, 498 U.S. 837 (1990). Moreover, guilty pleas foreclose most claims from collateral attack. *See United States v. Broce*, 488 U.S. 563, 569 (1989); *Dermota v. United States*, 895 F.2d 1324, 1326 (11th Cir.) (double jeopardy claim waived), *cert. denied*, 498 U.S. 837 (1990).

Hendricks claims his reason for not raising these issues previously is that his counsel was ineffective. However, by pleading guilty, Hendricks has waived any claim of pre-plea ineffectiveness. *Wilson v. United States*, 962 F.2d 996 (11th Cir. 1992) (pre-plea ineffectiveness waived). Thus, the record clearly demonstrates that Hendricks agreed he understood the factual basis of his conviction, including the fact that the vessel was subject to the jurisdiction of the United States and entered his guilty plea. By pleading guilty

unconditionally, Hendricks waived his allegations and his claims must be denied.[2]

**Accordingly, the Court orders:**

That Hendricks' motion to vacate (Doc. cv-4; cr-156) is denied. The Clerk is directed to enter judgment against Hendricks in the civil case and to close that case. The Clerk is also directed to terminate all pending motions.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Defendant is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Defendant has not made the requisite showing in these circumstances.

Finally, because Defendant is not entitled to a certificate of appealability, he is not

---

[2] Hendricks also makes a meritless argument that guilty pleas are contracts governed under the State of Florida Uniform Commercial Codes, i.e. contract law. His argument continues with claims of contractual obligations and the right of a Court to refuse enforcement of a contract, etc. Doc. cv-4 at 14. Hendricks had no "contract" with the government; he did not enter into a plea agreement. Hendricks entered a straight guilty plea, with no promises or obligations on the side of the government.

entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on July 24, 2008.

*[signature]*
ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

AUSA:  James C. Preston, Jr.

Pro se:  Clarence Hendricks